## ALDRICH v. LUCKENBACH S. S. CO., Inc.

United States District Court
S. D. New York.
May 26, 1949.

Simone N. Gazan, New York City (Dominic Blasi, New York City, of counsel), attorney for plaintiff.

Burlingham, Veeder, Clark & Hupper, New York City (C. B. Manley O'Kelley, New York City, of counsel), attorneys for defendant.

HULEN, District Judge.

Memorandum and order on motion of defendant for judgment of dismissal in accordance with motion filed at the conclusion of plaintiff's evidence and again at the conclusion of all the evidence notwithstanding the verdict of the jury in favor of the plaintiff.

Plaintiff had a verdict of $360.00 for maintenance and defendant moves to set it aside.

This case must not be confused with cases where a seaman has refused hospitalization and later seeks recovery for cure. In this case by explicit direction no recovery was allowed for cure. The sole question submitted to the jury was plaintiff's right to maintenance, or board and lodging, at the sum agreed upon of $5.00 per day.

I am well aware of the rule of law that a seaman is deprived of his right to maintenance and cure if he voluntarily refuses to obtain needed hospital care. The sole question in this case is, if a seaman is ignorant that hospital care will benefit the condition resulting in disability does the forfeiture rule still apply? We conceive the rule, and a fair one, to be that forfeiture resulting from refusal to

submit to needed hospital care arises when the seaman either knows, or should have known, that hospital care would improve his condition. Defendant cites the Muruaga v. United States, 2 Cir., 172 F.2d 318, and it is to be noted that the term "voluntary" appears in the Court's statement of the rule. We do not see how a seaman's act would be voluntary in refusing to submit to needed hospital care unless he had knowledge of the need or the circumstances were such as to charge him with knowledge. In this case we charged the jury that plaintiff could not recover maintenance after he had refused hospital care, or after, in the exercise of reasonable care, he should have known that hospital care was needed in his case. Each case must stand on its own facts. Under the circumstances in this case, plaintiff having continued his work on the ship for several weeks after the injury, we do not think it strange or inexcusable that plaintiff failed to report promptly to a marine hospital on reaching port. True he said he was disabled and suffering ill effects from the injury to his nose, but considering plaintiff's background, education, and experience in the medical field he might well have concluded that hospital treatment would not benefit his condition. At some period after his discharge he did learn of his need for hospitalization. He baldly stated from the witness stand that he did not accept medical treatment because he wanted to save the effects of his injuries as an exhibit for his trial, a naive statement seldom heard in personal injury trials. When the plaintiff received this information is not shown by the record. Plaintiff did report to a hospital in Savannah on May 17th, after his discharge on March 4th. The jury doubtless concluded that plaintiff had obtained information of needed hospitalization prior to this, or should have learned of it by using reasonable care. We think the issue was properly one for the jury and that the $360.00 verdict for maintenance should stand.